(Del. Rev. 5/2014) Pro Se Employment Discrimination Complaint

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

TERRANCE   PETERSON

_____

(Name of Plaintiff or Plaintiffs)

v.

ROBERT   A . MCDONALD
SECRETARY   DEPARTMENT OF VETERANS
AFFAIRS

(Name of Defendant or Defendants)

**Civ. Action No.** 16 - 160
(To be assigned by Clerk's Office)

**COMPLAINT FOR
EMPLOYMENT DISCRIMINATION**
(Pro se)

Jury Demand?
☑ Yes
☐ No

1.  This action is brought pursuant to (check all spaces that apply):

   ☑   Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*, for
       employment discrimination on the basis of race, color, religion, sex, or national origin.

   ☐   Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621, *et seq.*,
       for employment discrimination on the basis of age. My year of birth is:_____ .

   ☑   Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 701, *et seq.*, for employment
       discrimination on the basis of a disability by an employer which constitutes a program
       or activity receiving federal financial assistance.

   ☑   Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, *et seq.*, for
       employment discrimination on the basis of disability.

2.  Plaintiff resides at   4023   ROSE TREE   LANE
                                          (Street Address)
    NEWARK          NEW CASTLE       DELAWARE      19702
    (City)            (County)         (State)       (Zip Code)
    _____ . **Attach additional sheets if more than one Plaintiff.**
    (Area Code) (Phone Number)

3.  Defendant resides at, or its business is located at   810   VERMONT  AVE N.W
                                                               (Street Address)
    WASHINGTON          DC          DC        20420                  .(
    (City)            (County)      (State)    (Zip Code)

**Attach additional sheets if more than one Defendant.**

1

4.    The discriminatory conduct occurred in connection with plaintiff's employment at, or application

to be employed at, defendant's ___ROBERT A. MC DONALD___ place of business
                                          (Defendant's Name)
located at ___1601  KIRKWOOD  HWY_____
              (Street Address)
_____WILMINGTON_____NEW CASTLE_____DELAWARE____19805___.(
          (City)                  (County)            (State)         (Zip Code)

5.    The alleged discriminatory acts occurred on ___11___, ___APRIL___, ___2011-2013___
                                                    (Day)        (Month)          (Year)

6.    The alleged discriminatory practice   ☑ is   ☐ is not   continuing.

7.    On ___11___, ___APRIL, NOVEMBER 2012-2013___, Plaintiff filed charges
          (Day)         (Month)            (Year)

with the Department of Labor of the State of Delaware: ___DEPARTMENT OF LABOR___,
                                                            (Agency)

_____
        (Street Address)                              (City)        (County)
_____, regarding defendant's alleged discriminatory conduct.
    (State)                    (Zip Code)


8.    On _____, _____, _____, Plaintiff filed charges
          (Day)         (Month)            (Year)
with the Equal Employment Opportunity Commission of the United States regarding defendant's alleged

discriminatory conduct.

9.    The Equal Employment Opportunity Commission issued the attached Notice-of-Right-to-Sue

letter which was received by plaintiff on: ___27___, ___FEBRUARY___, ___2016___.
                                            (Day)         (Month)           (Year)

**(NOTE:   ATTACH NOTICE-OF-RIGHT-TO-SUE LETTER TO THIS COMPLAINT.)**

10.    The alleged discriminatory acts, in this suit, concern:

       A.  ☐  Failure to employ plaintiff.
       B.  ☑  Termination of plaintiff's employment.  Plaintiff was terminated from employment on
              the following date: ___4/25/2016___.
       C.  ☐  Failure to promote plaintiff.  Plaintiff was refused a promotion on the following date:

       D.  ☑  Other acts (please specify): ___MALICIOUS   PROSECUTION___

              ___ATTEMPT   PRIVACY  ACT   VIOLATIONS___

              ___UNFAIR LABOR PRACTICES ,  VIOLATIONS  OF___

              ___FAMILY  MEDICAL  LEAVE  ACT  IN  CONJUNCTION___

              ___WITH  A  REASONABLE  ACCOMMODATION___

11.    The conduct of Defendant(s) was discriminatory because it was based on (check all that apply):

        A.  ☑ Plaintiff's race
        B.  ❒ Plaintiff's color
        C.  ☑ Plaintiff's sex
        D.  ❒ Plaintiff's religion
        E.  ❒ Plaintiff's national origin
        F.  ❒ Plaintiff's age
        G.  ☑ Plaintiff's disability  $(USERRA)$

12.    A copy of the charges filed with the Department of Labor of the State of Delaware and/or the Equal Employment Opportunity Commission is attached to this complaint and is submitted as a brief statement of the facts of plaintiff's claim.

## (NOTE: ATTACH A COPY OF THE CHARGES FILED WITH THE DEPARTMENT OF LABOR OF THE STATE OF DELAWARE AND/OR THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION OF THE UNITED STATES TO THIS COMPLAINT.)

    **THEREFORE,** Plaintiff asks the Court to grant such relief as may be appropriate, including but not

limited to (check all that apply):

    A.  ☑ Injunctive relief (specify what you want the Court to order): _PROTECTIVE_ _ORDER_
    B.  ❒ Back pay.
    C.  ❒ Reinstatement to former position.
    D.  ☑ Monetary damages in the amount of $ _500,000.00_ .
    E.  ☑ That the Court appoint legal counsel.
    F.  ☑ Such relief as may be appropriate, including costs and attorney's fees.
    G.  ❒ Other (specify): _____.

**I/We declare under penalty of perjury that the foregoing is true and correct.**

Dated:   _3/15/2016_

                    _Terrence Peters_
                    (Signature of Plaintiff)

                    (Signature of additional Plaintiff)

**NOTICE**

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**IN THE  UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| Terrance Peterson, | ) |
| | ) |
| Plaintiff, | ) |
| Pro Se | ) |
| | ) CIVIL ACTION NO.     16 - 160 |
| | ) |
| | ) |
| Robert A. McDonald Secretary | ) COMPLAINT FOR VIOLATIONS |
| Department of Veterans Affairs | ) OF THE AMERICANS WITH |
| | ) DISABILITIES ACT OF 1990, |
| Defendant, | ) 42 U.S.C. 12101 |
| | ) (OTHER PROTECTED VETERAN) |
| | ) |
| | ) TITLE VII OF THE CIVIL RIGHTS |
| | ) ACT OF 1964 42 U. S. C. 2000 |
| | ) 18 U.S.C. 241 AND 242 (MALE) |
| | ) (AFRICAN AMERICAN) |
| | ) WHISTLEBLOWER PROTECTION |
| | ) ACT OF 1978 |
| | ) PRIVACY ACT 552A |
| | ) |

## COMPLAINT

The Department of Veterans Affairs discriminates against Veteran African

American males, who while employed at the department made disclosures that

affected many veterans who were at risk for unsafe practices that the Agency was

fully aware of by a report that the plaintiff made to the of of the Inspector General

on numerous occasions. The Department of Veterans Affairs is known to conduct

-2-

retaliatory investigations against whistleblowers, as a means to discredit the person. In this instant complaint, my veteran record documented in by a psychologist who made characterizations of me by a Veterans Affairs sponsored "Disruptive Behavior Committee".

During my employment, I filed multiple EEOC complaints, that were used as affirmed defenses in an Merit Systems Protection Board appeal, which was  not adjudicated in accordance with the civil rule of procedure and due process.  This complaint comes from a decision from the Merit Systems Protection Board that was issued on 7/31/2015. The above named plaintiff appealed that decision to the Office of Federal Operations on 8/3/2015. A decision was made on 2/ 25/2016 which was not made in accordance with the law and is considered to be arbitrary and capricious.

## JURISDICTION AND VENUE

1.  This Court has jurisdiction over this action under Title VII of The Civil Rights Act of 1964 U.S.C. 2000, The Privacy Act (552a) (subject matter within discrimination complaint) Veterans Employment Rehabilitation Rights Act.

2.  The Court may grant relief in this action pursuant to 28 U.S.C. 2201-2202

3.  Venue is proper in this district pursuant to 28 U.S.C. 1391 , as a substantial portion of the acts and omissions giving rise to this action occurred in the District of Delaware . 28 U.S.C. 1391 (b) In accordance with the 8th

-3-

Amendment ;  a  right to a jury trial is being asserted. The Department of

Veterans Affairs is represented by "The People" and the department cannot

act   with "sovereign immunity"from its' actions.

4. Defendant is the Secretary of The Department of Veteran Affairs , as required

by the notice from the Office of Federal Operations. The Secretary is being

sued in his capacity, as to he is overall responsible for the actions of his

employees, including legal counsel and the Office of The Inspector General

who played a part in this instant complaint.

5. All administrative remedies including contact with the Federal Labor Relations

Authority, Department of Health and Human Services, Office of Special

Counsel and the Department of Veteran Affairs have been exhausted

(information pertaining to seizing my veteran record to hold Disruptive

Behavior Committee)

## FACTS

## THE VETERANS AFFAIRS MISSION

1. The Department of Veterans Affairs is a part of the executive branch,

responsible for administering benefits and healthcare to eligible veterans. The

healthcare aspect of it includes treating varying degrees of illnesses, including

mental health impairments as a result of conflicts veterans who have a high

instance of post traumatic stress disorder.

-4-

2. The department receives appropriations from Congress and has a very large

budget, which is currently under tremendous public scrutiny.

3.  The Department of Veterans Affairs provides disability compensation to eligible

veterans, who have a file created at the Veterans Benefit Office , related to their

claims for compensation. Veterans also have a separate "medical" record for

those who choose to use the Veterans Affairs for healthcare. Employees, who are

also veterans have their employee record and veteran record , "co-mingled" , in

which it is known fact by HHS, that many veterans have their record breached

and or used as a tool to discredit you if you also happen to be a whistleblower.

4. There is a pattern of other Agency involvement, when it comes to disclosures

made, that is presented back to the Department of Veterans Affairs for

investigation. The Agency investigates itself to obscure the prima facie case.

5.  In reference to this instant complaint, I received from the Office of Federal

Operations a decision on the MSPB ruling that the Agency did not discriminate

against me with a letter dated 2/25/2016. I also received a letter from the

Philadelphia Regional Office from 1 of the 3 cases, granting summary judgment in

that case which was dated  2/23/2016.

6.  The facts are that if the Office of Federal Operations is making this decision,

when this case and 2 others are at the Philadelphia are open. I believe that the

Office of Federal Operations is incorrect  by law and a more serious problem that

-5-

violates attorney deceit statutes and the Office of Federal Operations using its'

exempt status from the Administrative Procedure Act to obscure section 6b of the

Administrative Procedure Act. Therefore, committing serious discovery violations

that affect my due process rights under the Constitution.

7. The MSPB appeal stated it was an IRA Appeal and OFO is stating that it is a

"mixed case" the issue is collusion, to where the Office of Operations is well

aware that they were notified that the Philadelphia office had the cases. I will be

providing direct evidence upon jurisdiction orders.

## PATTERN OF TARGETING VETERAN WHISTLEBLOWERS

1.  There has been a high number of cases where The Department of Veterans

Affairs has targeted whistleblowers  by the tactic of "Agency Mobbing".

2.  Specifically, this is accomplished by using surrogates to discredit the

whistleblower by defaming them and isolating them.

3. In this instant complaint, the Office of the Inspector General made a prosecution

request based on hearsay from an adversarial witnesses that were subjects of the

EEO complaints.

## VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT

1. The allegations of Paragraph 1 through 12 with the emphasis on the following

two are hereby realleged and incorporated by reference.

-6-

2. The defendant discriminated against the plaintiff, by using retaliatory tactics of using my veteran record to create the perception that I was a threat. I was subject to a malicious prosecution attempt by the Office of the Inspector General after making disclosures to that office.

3. The agency conducted these investigations and used adversarial witnesses to claim that I was a threat and never investigated my complaint of a hostile work environment, in which my direct supervisor was the subject of a privacy complaint.

4. The Merit System Protection Board denied discovery of these documents that would have shown the causal connection to assert a prima facie case of whistleblower reprisal, The administrative judge served on a criminal advisory board with a member of the Delaware US Attorney's office. I filed a motion for recusal and certified an interlocutory appeal for which he denied.

5. The information is crucial because the Office of the Inspector General made a prosecution request to the Delaware US Attorney's office and relayed private medical information to them without a court order. I have direct evidence.

6. I believe that I was profiled as a dangerous African American male and this theme is an ongoing problem in the criminal justice system. I can attest to my character, including numerous awards while employed at the VA, including the Secretary's Award.

-7-

## VIOLATIONS OF THE AMERICANS WITH DISABILITY ACT

1.   I was removed from Federal Service on 4/25/2014; on 12/18/2013, I was given a letter barring me from the facility , while a supposed investigation were to occur.  A patient flag was placed in my veteran record, which had an impact on my employment and my healthcare. The flag in my veteran record cited previous acts of violence and threats. This flag was placed in my record on 6/5/2014 by a psychologist who never evaluated me nor performed any testing on me. This conduct was implemented by the deciding Director of my removal who made a perjurious statement in the MSPB appeal, who was well aware of the multiple disclosures and a letter I sent directly to the VA Secretary about patient delays, discrimination and the presence of Legionella in the Wilmington Veterans Affairs.

2.  I was denied a reasonable accommodation as a result of a request of FMLA that the agency never reviewed, but interjected the Office of Inspector General to conduct a criminal investigation; who questioned and contacted a psychologist I saw for an evaluation for work related PTSD induced by a hostile work environment of false allegations of threats.

## VIOLATIONS OF THE POLICE MISCONDUCT PROVISION

## U.S.C. 42 14141 COLOR OF LAW 241 242

-8-

1.  On 12/17/2013 a special agent from the Office of the Inspector made a prosecution request based on hearsay evidence in violation of the FLRA rules. The request was made 12/172013 at 14:30 based on this supposed witness. I have direct evidence, this person refuse to make a statement the same day at 16:26 The Agency attorney made ex-parte communications regarding the characterizations of the charges via affidavits that were signed 9/22/2014 after my removal , that clearly are different than the notice of my removal notice I received. The attorney committed Brady violations regarding the affirmed defenses in the MSPB appeal; as well as the MSPB and the evaluation by the Office of Federal Operations.

## VIOLATION OF DUE PROCESS

1. On 2/23/2016 a Philadelphia Administrative Judge closed one of the EEO case that was used as affirmed defenses in the MSPB appeal. This same Administrative Judge, including personnel at the complaints adjudication unit are aware of the 2 other cases that were submitted to the Philadelphia office that are purportedly open.

2. Question of law is that, How can the Office of Federal operation interpret the law, when discovery was denied in the MSPB appeal? And how can a decision be made under the Administrative procedures Act if they are ruling on the discriminations claims that the MSPB never had access to the EEO cases?

-9-

## PRAYER FOR RELIEF

**WHEREFORE, the Plaintiff prays that the court:**

**1. Order an appropriate injunctive relief that requires the Secretary to take corrective action against the responsible parties.**

**2. Order the Agency to refrain from the inappropriate use of "behavioral flags" which is outlined in CFR 17.107.**

**3. Order such other appropriate relief as the interest of justice require.**

**4. Pecuniary and nonpecuniary damages.**

**5. Issue a Protective order regarding the use of my private medical record and the expungement of my veteran record from the Department of Veterans Affairs custody.**

**6. A referral to the Department of Justice regarding the issue of the stated Brady violations as annotated by a false criminal referral.**

**Respectfully Submitted,**

**For the Plaintiff:**

Terrance Peterson

**Terrance Peterson**
**4023 Rosetree Lane**
**Newark, Delaware 19702**

**(302) 454-1865**