IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TERRANCE PETERSON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civ. No. 16-160-LPS |
| | : | |
| DAVID J. SHULKIN,[1] | : | |
| | : | |
| Defendant. | : | |

Terrance Peterson, Newark, Delaware, Pro Se Plaintiff.

Charles M. Oberly, III, and Jennifer K. Welsh, Assistant United States Attorney, for the District of Delaware, Wilmington, Delaware.  Counsel for Defendant.

## MEMORANDUM OPINION

March 13, 2017
Wilmington, Delaware

---

[1] David J. Shulkin was confirmed as Secretary of Veterans Affairs, to succeed Robert McDonald Secretary of Veterans Affairs, on February 13, 2017.  Pursuant to Fed. R. Civ. P. 25(d)(1) and 42 U.S.C. § 405(g), David J. Shulkin is automatically substituted as the defendant in this action.

STARK, U.S. District Judge:

## I. INTRODUCTION

Plaintiff Terrance Peterson ("Plaintiff") proceeds *pro se*. He filed this employment discrimination action against the Secretary of Veterans Affairs ("Defendant"), pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et. seq.*, ("Title VII"), the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 621, *et seq.*, ("Rehab Act), and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* ("ADA"). (D.I. 2) Presently before the Court are Defendant's motion to dismiss and Plaintiff's motion to strike, as well as the parties oppositions to both motions.[2] (D.I. 13, 14, 15, 16) For the reasons that follow, the Court will grant Defendant's motion, deny Plaintiff's motion, and provide Plaintiff leave to file an amended complaint.

## II. BACKGROUND

Plaintiff's federal employment was terminated on April 25, 2014. Plaintiff alleges employment discrimination based upon race, sex, and disability. He also alleges malicious prosecution, attempted Privacy Act violations, unfair labor practices, and violations of the Family Medical Leave Act in conjunction with a reasonable accommodation. Plaintiff has filed multiple EEOC complaints. He alleges that there is a pattern of targeting veteran whistle blowers and that the Office of the Inspector General made a prosecution request based upon hearsay from adversarial witnesses who were subjects of Plaintiff's EEO complaints. Plaintiff further alleges that his EEO complaints were used as affirmative defenses in a Merit Systems Protection Board ("MSPB") appeal. The MSPB issued a decision on July 31, 2015. (D.I. 13 at Ex. B) Plaintiff appealed his termination to the Office of Federal Operations on August 3, 2015. (*See* D.I. 4)

---

[2]Plaintiff moves to strike Defendant's answer. (D.I. 14) Defendant, however, did not file an answer to the Complaint; instead, he moves to dismiss. The Court will deny Plaintiff's motion, and will consider it as an opposition to the motion to dismiss.

1

Plaintiff alleges that its February 25, 2016 decision was not made in accordance with the law, and is arbitrary, and capricious. The February 25, 2016 decision found that Plaintiff did not demonstrate that he was subjected to reprisal or discrimination. (*Id.*)

Plaintiff's Title VII claim alleges that Defendant discriminated against him when he used his veteran record to create the perception that he was a threat. Plaintiff alleges that he was subjected to a malicious prosecution attempt by the Office of Inspector General after making disclosures to it. Plaintiff alleges that he was profiled as a dangerous African American male. Plaintiff claims an ADA violation based upon his termination from employment on April 24, 2014. Plaintiff explains that, on December 18, 2013, he was given a letter barring him from his facility, during a "supposed investigation." He alleges that on June 5, 2014 a "flag" was placed in his record by a psychologist who never evaluated him or performed testing on him and that the "flag" cited previous acts of violence and threats. Plaintiff alleges that he was denied a reasonable accommodation as a result of a FMLA (*i.e.*, Family Medical Leave Act) request that was never reviewed and that the request resulted in a criminal investigation by the Office of the Inspector General. Plaintiff alleges that the Office of the Inspector General questioned and contacted a psychologist who Plaintiff had seen for a work evaluation related to PTSD (*i.e.*, post traumatic stress disorder) that Plaintiff contends was induced by a hostile work environment of false allegations and threats.

Next, Plaintiff alleges police misconduct pursuant to 42 U.S.C. § 14141 and 18 U.S.C. §§ 241 and 242, when, on December 17, 2013, a special agent from the Office of the Inspector General made a "prosecution request" based on hearsay evidence in violation of the FLRA (*i.e.*, Federal Labor Relations Authority) rules. Plaintiff alleges that the agency attorney had ex parte communications and committed Brady violations. Finally, Plaintiff contends that a Philadelphia

2

Administrative Law Judge closed one of Plaintiff's EEO cases on February 23, 2016 and it was used as an affirmative defense in the MSPB appeal, all in violation of his right to due process.

### III. LEGAL STANDARDS

Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted). Defendant moves for dismissal pursuant to Rule 12(b)(6).

Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are

3

not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Iqbal*, 556 U.S. at 678 and *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

## IV. DISCUSSION

Defendant moves for dismissal on the grounds that: (1) the complaint does not allege a plausible Title VII action; (2) the complaint does not allege a plausible ADA action; (3) there is no private right of action under the Law Enforcement Misconduct statute; and (4) the due process claim fails to state a claim and is not cognizable based upon sovereign immunity. In turn, Plaintiff moves to strike Defendant's motion on the grounds that the Defendant misrepresents facts. In addition, Plaintiff sees leave to file an amended complaint.

### A. Title VII

Plaintiff alleges employment discrimination by reason of race and sex. To state a claim under Title VII for employment discrimination, Plaintiff must allege that: (1) he is a member of a protected class; (2) he was qualified for the position he held; (3) he suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances that give rise to an inference of discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Plaintiff need not convince the court of any of these elements at the motion to dismiss stage, but must submit more than "the naked assertion that he was discharged because" of his membership in a protected class. *See Santos v. Iron Mountain Film & Sound*, 593 F. App'x 117, 119 (3d Cir. Nov. 25, 2014). To state a Title VII retaliation claim, Plaintiff must allege that: (1) he engaged in conduct protected by Title VII; (2) his employer took an adverse action against him either after or contemporaneous with the protected activity; and (3) a causal link exists between his protected conduct and the employer's adverse action. *See Slagle v. County of Clarion*, 435 F.3d 262, 265 (3d Cir. 2006).

The crux of a Title VII claim is that an employee has been treated less favorably than others on account of his race, color, religion, sex, or national origin. *See Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 798 (3d Cir. 2003). Plaintiff's Complaint indicates his employment was terminated, and he checked boxes on the complaint form that the discrimination was based upon race and sex. He alleges retaliation when his veteran's record was used to create the perception that he was a threat. Plaintiff makes reference to his race and gender in one instance when alleging that he believes he was "profiled as a dangerous African American male." However, even when liberally construing Plaintiff's allegations, as the Court must, the Complaint fails to state a Title VII claim under any theory. At most, Plaintiff alleges that he is a member of a suspect class and he suffered an adverse

5

employment decision, but even those allegations are nothing more than naked assertions. Significantly, Plaintiff fails to allege that any alleged discrimination occurred because of his race or sex. Plaintiff must plead facts that plausibly connect his race and sex to his discharge. The Complaint fails in this regard.

In addition, the Complaint fails to state a retaliation claim under Title VII (to the extent that is even Plaintiff's intent). It is far from clear that Plaintiff alleges that he engaged in conduct protected by Title VII. Nor is the Court able to discern the adverse action Plaintiff alleges was taken against him as a result of any protected activity. The Complaint further fails to allege the requisite causal connection between Plaintiff's protected conduct and the employer's adverse action.

Plaintiff has failed to state Title VII claims and, therefore, the Court will grant Defendant's motion to dismiss. However, since it appears plausible that Plaintiff may be able to articulate a Title VII claim he will be given an opportunity to amend his pleading.[3]

### B.  Rehab Act

Plaintiff invokes the ADA in attempting to allege employment discrimination by reason of a disability. However, a plaintiff alleging disability discrimination against a federal agency may only bring an action under the Rehab Act. *See Spence v. Straw*, 54 F.3d 196, 197 (3d Cir. 1995) (Rehabilitation Act is "exclusive means by which a plaintiff may raise claims against federal agencies relating to handicap discrimination"). Given that Plaintiff proceeds *pro se*, the Court liberally construes the Complaint as attempting to raise a claim under the Rehab Act.

---

[3]Included in Plaintiff's brief in support of his motion to strike is an amended complaint, through which it appears Plaintiff attempts to cure his pleading defects. (D.I. 15) However, Plaintiff may not amend his Complaint through his opposition brief, and new facts may not be considered by the Court on the instant motion to dismiss. *See Commonwealth of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984)) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.").

In order to sustain a claim of discrimination under the Rehab Act, Plaintiff must show that: (1) he has a disability; (2) he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) he was nonetheless terminated or otherwise prevented from performing the job. *See Donahue v. Consolidated Rail Corp.*, 224 F.3d 226, 229 (3d Cir. 2000) (quoting *Shiring v. Runyon*, 90 F.3d 827, 831 (3d Cir. 1996)). The Rehab Act provides that the "standards used to determine whether this section has been violated in a complaint alleging employment discrimination under this section shall be the standards applied under Title I of the Americans with Disabilities Act of 1990." 29 U.S.C. § 794(d); *see also Donahue*, 224 F.3d at 229 ("The elements of a claim under § 504(a) of the Rehabilitation Act are very similar to the elements of a claim under Title I of the Americans with Disabilities Act. . . .").

The Complaint fails to state an employment discrimination claim by reason of disability. Plaintiff makes reference to threats and acts of violence that he committed, which resulted in him being banned from the facility (presumably where he worked) and also refers to PTSD, but it is not clear if the foregoing are "disabilities" that resulted in Plaintiff's removal from federal service. In addition, the Complaint lacks allegations that Plaintiff is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer. Plaintiff seems to refer to the failure to accommodate when he was denied a request for leave under the Family Medical Leave Act but, again, it is not clear.

As currently pled, the Complaint fails to state a claim under the Rehab Act. Therefore, the Court will grant Defendant's motion to dismiss this claim. However, Plaintiff will be given leave to amend.

### C. Law Enforcement Misconduct Statute

The Complaint alleges violations of 42 U.S.C. § 14141 and 18 U.S.C. § 241 and § 242. Both 18 U.S.C. §§ 241, 242 are federal criminal statutes and 42 U.S.C. § 14141 is found under the Violent Crime Control and Law Enforcement Act. The Violent Crime Control and Law Enforcement Act provides the Attorney General of the United States with the authority to initiate a civil action for injunctive or declaratory relief against law enforcement agencies that have engaged "in a pattern or practice . . . that deprives persons of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States." 42 U.S.C. § 14141(a). The statute does not provide a private right of action. *See* 42 U.S.C. § 14141(b). As a result, the claim is not cognizable.

Plaintiff also seeks relief pursuant to 18 U.S.C. §§ 241 and 242, federal criminal statutes that relate to conspiracy against civil rights and deprivation of rights under the color of law. Neither of these criminal statutes provides a private cause of action or a basis for a civil lawsuit. *See Stern v. Halligan*, 158 F.3d 729 (3d Cir. 1998) (no private cause of action under 18 U.S.C. § 241); *Davis v. Warden Lewisburg USP*, 594 F. App'x 60 (3d Cir. Feb. 10, 2015) (same for 18 U.S.C. § 242). Because there is no private right of action under 18 U.S.C. § 241 or 18 U.S.C. § 242, Plaintiff has failed to state a cognizable claim upon which relief may be granted.

Accordingly, the Court will grant Defendant's motion to dismiss these claims.

### D. Due Process

Plaintiff appears to allege his due process rights were violated during EEO or MSPB proceedings, but it is not clear. Regardless, a federal employee may not bring an action under the Due Process clause for damages, equitable relief, or declaratory relief based on an employment decision. The Civil Service Reform Act of 1978 ("CRSA") created an "elaborate and comprehensive scheme" for the protection of federal employees' rights, and it is a federal employee's exclusive

remedy. *See Wright v. Hadrick*, 90 F. App'x at 642 (citing *Bush v. Lucas*, 462 U.S. 367, 388-390 (1983). *See Semper v. Gomez*, 747 F.3d 229, 242 (3d Cir. 2014) (CSRA precludes federal employee from litigating constitutional claims for equitable and declaratory relief); *Wright v. Hadrick*, 90 F. App'x 641, 642 (3d Cir. Feb. 10, 2004) (federal employee may not bring an action for damages based upon constitutional violation involved in employment decision).

The Complaint fails to state a claim upon which relief may be granted. Therefore, the Court will grant Defendant's motion to dismiss the due process claim.

## V. CONCLUSION

For the above reasons, the Court will grant Defendant's motion to dismiss (D.I. 13) and will deny Plaintiff's motion to strike (D.I. 14). All claims are dismissed. Plaintiff will be given leave to amend the Title VII and the Rehabilitation Act claims.

An appropriate Order will be entered.