IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Terrance Peterson, | ) | |
| | ) | |
| Plaintiff, | ) | |
| Pro Se | ) | |
| v. | ) | CV 16-160 (LPS) |
| | ) | |
| David Shulkin | ) | |
| Department of Veterans Affairs | ) | |
| ( In his official capacity as | ) | |
| Secretary ) | ) | |
| | ) | |
| _____ | ) | |

## Amended Complaint and Objection to Dismissal of Claims of Due Process

(Race, hostile work environment, retaliation based on protected activity (disclosures to three Delaware Representatives , (members of the Senate and Congress) Disclosures to the Senate Judiciary Committee Retaliation based on filing EEOC complaints. Discrimination based on veteran status (other protected veteran preference eligible) .Retaliation based on whistleblower disclosures and as a result of discrimination. Retaliation based on veteran status and due process under the 1st and 4th Amendment (Constitutionally based Claims. Right to petition government for redress. Processing of mixed case appeal under the rules of CRSA 5 U.S.C. § 7702  (1) (a) and seizure of medical record to make false

DATED: March 15, 2017

entries. Disruptive Behavior Committee . Initiated by deciding Official)

## Introduction

1.  Plaintiff, Terrance Peterson, proceeding Pro Se brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq, and 42 U.S.C. § 1981 a,b, the Civil Service Reform Act, 5 U.S.C. § 7702 (a) (1). The Uniformed Services Employment and Reemployment Rights Act 38 U.S.C. Section 4323. Equal rights under the Law 42 U.S. Code § 1981 (a) (b) . Proceedings in vindication of Civil Rights 42 U.S.C. § 1988 to remedy acts of employment discrimination and retaliation perpetrated against him by the United States Department of Veterans Affairs (VA) because of his race (African American preference eligible veteran male), Plaintiff contends that VA officials discriminated against him by retaliating against him for having complained about such discrimination, created a hostile working environment for him by initiating sham investigations after making protected disclosures to the Office of the Inspector General, two Delaware Senators and a Delaware Congressman, caused him to suffer major depression, as a result of a hostile and abuse working environment as well as an abusive environment as a veteran who sought care with the VA , in which agents of the Secretary , used my veteran record to commence a Disruptive Behavior Committee to illegally chart in my veteran record in violation of USERRA Laws, failed to provide reasonable

Dated: 3/15/2017

accommodation, punished him for requesting medical leave as a condition of employment that he attend Anger management based on a fraudulent investigation that used adversarial witnesses that were subjects of the protected disclosures. I as a veteran requested leave for work induced maladies, and finally, terminated him from federal service employment when the discrimination / retaliation perpetrated by the office of the Inspector General, (an agent of the VA), who sought a criminal prosecution based on false allegations that were never investigated properly and as a result a warrant to seek my veteran record was never obtained to secure my veteran record. The Plaintiff also contends that a Disruptive Behavior Committee was convened and flag was placed in my veteran record on or about 6/6/2014 , on the same set of discriminatory perceptions and a documentation of fraudulent clinical assertions by a psychologist, whom I never been evaluated by to make that determination. This committee was convened by the Director who effectuated my removal, in violation of USERRA laws and shows animus and discriminatory intent. This conduct as codified in 18§1519 and 42§1988 constitutes criminal conduct as outlined in my original complaint. All of the disclosures were made to the Office of Special Counsel that the VA were conducting fraudulent investigations and were fragmenting the three EEOC cases. The USERRA claims, the EEOC cases, the Whistleblower cases were

Dated: 3/15/2017

affirmed defenses in the MSPB Appeal. The Agency attorney misrepresented to the MSPB and to the EEOC the status of the EEOC cases, when in fact, the last 2 cases were not even closed when this case commenced, in violation of Title VII, Due process under a mixed case review by the MSPB 5 U.S.C. §7702 1(a)(b) (KLOECKNER V. SOLIS), reprisal for prior complaints and objection to discrimination based on veteran status, racial profiling (African American male) and a false report of operating out of my scope of my position.

## Jurisdiction

2. This Court has jurisdiction over the subject matter of this civil action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16, The Whistleblower Protection Act of 1989 in conjunction with a final decision of The Merit Systems Protection Board 5 U.S.C. § 7702 (a)(1). The Uniformed Services Reemployment Rights Act 38 U.S.C. Section 4323. Equal rights under the Law 42 U.S. Code § 1981. Proceedings in vindication of Civil Rights 42 U.S.C. § 1988.

## Venue

3. Venue is proper in this judicial district under 42 U.S.C. Section 2000e-5(f)(3) and 5 U.S.C. § 7702(a)(1); as Plaintiff was employed by the United States Department of Veterans Affairs (VA) in the District of Delaware at the time of his termination, plaintiff's employment records are maintained by the VA in this judicial district, and decisions adverse to Plaintiff's employment that are the

Dated: 3/15/2017

subject of this civil action were made in this judicial district.

## Parties

4. Plaintiff, Terrance Peterson, an African-American male who is a citizen of the United States and a resident of the State of Delaware. At all times relevant to this suit, until his termination in April 2014, he was employed with VA in the Specialty clinic of the outpatient clinic as a health technician.

5. Defendant David Shulkin is currently the Secretary of Veterans Affairs of the United States. Mr. Shulkin is being sued here in his official capacity only.

## Statement of Facts

6. Plaintiff, Terrance Peterson, black male, preference eligible veteran, was a career federal employee with ten years of service with VA before being terminated by the Department.

7. At the time of before his termination from federal service, Terrance Peterson worked in the Specialty clinic of the VA located in Wilmington, Delaware. The Plaintiff was qualified for his position as a Health Technician and received multiple awards for his contributions. The Plaintiff was barred from the facility as a result of an intentional method to constructively discharge the plaintiff from his position and to prevent him from obtaining further employment by placing a flag in his veteran record on or about 6/6/2014. One and a half months after his

Dated: 3/15/2017

4

termination, despite not being in the facility since December 2013.

The VA never changed the position description of what the plaintiff was falsely being accused of regarding the "performing out of the scope of my position". The VA never addressed the issue of a position for an Audiology Technician that was the subject matter complaint to the Office of Special Counsel (USERRA Unit).

8. Terrance Peterson's first level supervisor was Vanessa Covington, an African American female, who was the Nurse Manager of the Specialty clinic. His second level supervisor was Ruthann Wolski, a caucasian female, the associate Chief nurse of the Outpatient clinics.

9. Since being Terrance Peterson supervisor around September 2012, Ms. Covington has treated him differently from similarly situated employees After making protected disclosures, including the filing of an EEOC complaint of the previous Nurse manager that she replaced Lisa Nepon, caucasian female.

10. Since being Terrance Peterson supervisor, Ms. Covington has created a hostile work environment for Terrance Peterson including privacy violations regarding my request for medical leave and discussions with the ENT doctor I worked directly with that was not properly disposing of used instruments and not washing his hands according to protocol. A request for training and the potential for promotion to an Audiology Technician and a hemodialysis technician.

Dated: 3/15/2017

5

11. In December 2012, I was transferred to the Dialysis Department at the request of my second line supervisor Ruthann Wolski in which I believe was for making protected disclosures and the EEOC complaint that was at the hearing stage. This same complaint was closed in February 2016, well after the MSPB ruling in 2015.

12. Terrance Peterson , filed an MSPB appeal in 2012 , in which the agency Labor Relations personnel petitioned to dismiss for lack of jurisdiction because the requirement to file with the Office of Special Counsel.

13. While working in Dialysis, Ms. Covington along with her supervisor were made aware of disclosures regarding the practices that were being performed in dialysis from some unknown source. At this time , I reported to Senator Carper's Office that I was being retaliated against by the VA and its' agents because I believe I was being targeted because of the reporting. The VA received a response from the VA , along with a letter I received from the Senator with VA's response. In the course of the disclosures that were made, I made a report to the Office of the Inspector General, based on what knew regarding the practices and the refusal of Ms. Covington to send me to training and promotional opportunities. A caucasian male was selected to attend the training instead. The position was never created, but added to the duties of the selected individual, which was not in accordance with VA policy.

14. Approximately January 2013, I filed a hostile work environment and

Dated: 3/15/2017

6

discrimination claim African American male, sex based claim on the basis of my training in the military as a medic, in which I had extensive training in the Navy, serving the Marine Corps. My training was a baseline to perform the duties, in which I was able to perform and denied an opportunity to advance. I was then transferred back to the specialty clinic, in which the hostility and retaliation began by limiting my ability to move about the clinics and work in different areas for coverage. I was accused of not being in my assigned area and reported false allegations of threats. Similarly situated employees including non whistleblowers were not treated in this matter. I was the only health technician who had designated lunch times and my office was changed for no reason.

15. Approximately March 2013, I reported directly to human resources James Vogel regarding the hostile work environment by Ms. Covington, Instead, the VA, the then director Daniel Hendee (caucasian male) convened an Administrative Investigative Board that investigated the ENT department. The AIB was only unilateral and never address my complaint to the director regarding the hostile work environment. I never had the opportunity to confront the allegations nor was I afforded the results of it, which were heavily redacted.

16. In August 2013 I filed a third EEOC complaint in which I was told had to be separate, despite my objection. This is where I believe that the VA, along with the

Dated: 3/15/2017

7

VA intentionally fragmented the cases. This third case was never adjudicated or a final decision issued by VA, in which I believe is a due process issue that the Agency attorney mislead the MSPB in the appeal and that the MSPB knew that there were open cases still in which the denied an interlocutory appeal that I raised at the MSPB stage.

17. As a result of the Administrative Investigation I was ordered to attend Anger Management and was not given an opportunity the reason for attending.

18. September 2013, Terrance Peterson attended Anger management at the request of VA. I took the day the remainder of the shift off to attend. Ms. Covington called the counselor the next day.( I was off work) to ask him why I did not see him. I was not in agreement with the counselor because he stated I was late. I told him that I will reschedule and left. The Agency attorney had the Anger management counselor sign an affidavit on 9/22/2014, 5 months after my removal. This document was submitted to the MSPB and I did not have any opportunity to respond to this document or the other documents that the attorney presented to the MSPB, because the MSPB judge never reconsidered my request for a hearing.

19. October 2013, I was suspended for 10 days for "conduct unbecoming a federal employee for not attending anger management and was accused of being hostile to the counselor. The suspension was to commence from Dec 2, 2013 to

Dated: 3/15/2017

8

Dec 13 2013. Latter in October, I was ordered to attend Anger management at another facility in which I completed the program. I returned to work on December 15, 2013, on December 18,2013. I was called to the Director's office approximately at 1 pm and given a letter stating I was barred from the facility because of alleged threats. I was never given an opportunity based on who when or why, but the letter stated effective December 17,2013, despite being in the Director's office on December 18,2013 at 1 pm which conflicts with the factual documents in the motion to strike an investigative report from the OIG that the prosecution request was December 17, 2013 at 2:30 pm and an email from the police chief stating that the person did not want to make a statement approximately at 4:26pm December 2013 . In violation of 18 § 1519.

20. Approximately October 2013 , Terrance Peterson requested FMLA as a result of the continued harassment and the discriminatory allegations of being angry and a threat as an African American male and a false claim of operating out of his scope of duties . He was able to perform his duties as assigned, but was barred from the facility as a pretext to discharge him in retaliation for multiple complaints and disclosures regarding the facility and its' agents. Terrance Peterson was treated differently than similarly situated employees , Benjamin Mac African American male, non whistleblower, non veteran, who was accused of

Dated: 3/15/2017

9

inappropriate conduct and had active failure to appear warrants that was submitted to the MSPB as a credibility evidence. The agency attorney Marcus Graham caucasian male, knew of this evidence, as well as the MSPB judge Michael Rudisill caucasian male. I believe I was retaliated against by this judge for filing a motion for recusal, due to a conflict of interest, where he sat ostensibly with a criminal advisory board alongside an United States Assistant Attorney for the District of Delaware. I requested a hearing after reconsideration and he never responded to the request, well after the 120 day procedure framework required by law for discrimination claims. This same judge is a government attorney, not an Administrative Law Judge, and completely ignored the Privacy Act, USERRA claims and discovery of the three EEOC cases that were affirmed defenses in the appeal. Three motions for certification of an interlocutory appeal was presented, that raised an important question of law and the three prong framework that addressed a mixed case appeal under 5 U.S.C. §7702 (1) (a) as a result of Discrimination.

21. This lawsuit commenced on 3/16/2016. The parties involved are the Secretary in his official capacity. On the time allotted for the complaint, the court entered a 21 day response time, which is incorrect. The court gave additional time to the VA, til 7/22/2016 on its' own accord. On 6/27/2016 4 parties were named by the court, on its' own accord without the plaintiff given notice to correct his

Dated: 3/15/2017

10

Civil Action No. 16-160-LPS

deficiencies to file an amended complaint.

## Objection to Dismissal of Claims

22. The Plaintiff, respectfully objects to the dismissal of all other claims by reason of spoliation of the record, without an opportunity to address the issues, which differ in the Plaintiff's articulation of due process of jurisdiction to this court. Common law grounds and equal access to justice are asserted at this time. As perceived, this would give an appearance of a conflict of interest, whereas the defending attorney would have had probable cursory knowledge to the prosecution request made by the office of the Inspector General on 12/17/2013. This information is crucial because it would make the bench the fact finder in this complaint to draw inferences of what the plaintiff meant, thus depriving him a Constitutional right to a jury demand.

23. Exhibits in the Plaintiff's motion to strike were never uploaded in pacermonitor, which clearly showed discrepancies in the prosecution request time and a direct statement that showed that the person who made the allegations refused to make a statement. The documents also clearly showed that EEOC documents from the Philadelphia EEOC judge, recently closed the case and that there was another case still open. The fact remains that the plaintiff's claims would have been dismissed if they were to be presented to court in July of 2015

Dated: 3/15/2017

11

for failure to exhaust administrative remedies with the EEOC as required by law. The path to this District Court has been obscured by the fact that the Office of Federal Operations is not subjected to the Administrative Procedures Act. The Philadelphia administrative judge was made aware of the Office of federal operations was processing the appeal while the case she had that was 4 years old at the time was still open along with the third case. Under 5 U.S.C. § 7702 (1) (a)(b) as a result of discrimination based claims under section 707, 717. I believe as a Pro se litigant was mislead by the MSPB and the EEOC despite objecting to the cases not being resolved. This constitutes fraudulent misrepresentations that I disclosed to the Senate Judiciary Committee.

### Count One

(Racial Discrimination in Violation of Title VII of the
Civil Rights Act of 1964, 42 USC 2000e. et seq. )

24. The foregoing paragraphs are realleged and incorporated by reference herein.

25. The Defendant's conduct as alleged at length herein constitutes discrimination based on race in violation of Title VII. The stated reasons for the Defendant's conduct were not the true reasons, but instead were pretext to hide the Defendant's discriminatory animus.

### Count Two

Dated: 3/15/2017

**(Violation of the Rehabilitation Act of 1973, 29 U.S.C. § 710 et seq.)**

26. Plaintiff realleges and incorporates by reference each allegation contained in each aforementioned paragraph as thoughtfully set forth herein.

27. VA has discriminated against Mr.Peterson by denying him reasonable accommodation for his disabilities, including occupational stress, and perceived and regarded as by VA of not being able to perform my duties, which included ordering him to attend anger management, initiating a disruptive behavior committee, which resulted in a falsification of my veteran record by a psychologist for whom I never been evaluated by to make that determination, in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq., as amended.

## Count Three

**(Reprisal for Engaging in Protected Activities)**

28. The foregoing paragraphs are realleged and incorporated by reference herein.

29. The Defendant's conduct as alleged above constitutes retaliation against the Plaintiff because he engaged in activities protected by Title VII and the ADEA. Disclosures to the Office of the Inspector General , Senate and Congress. The Office of the Inspector made a prosecution request on its own accord, despite the fact that documents show that the person refused to make a statement. The statements can be proven false with direct evidence of conspiring under 18§

Dated: 3/15/2017

13

241 by agents of the VA. The stated reasons for the Defendant's conduct were not the true reasons, but instead were pretext to hide the Defendant's retaliatory animus.

30. VA has conducted itself intentionally, deliberately, willfully, and in callous disregard of the rights of Mr. Peterson.

31. By reason of VA's discrimination, Mr. Peterson is entitled to all legal and equitable remedies available under the Rehabilitation Act.

## Count Four

### (Violation of Due Process in Vindication of Civil Rights)
### (42 US §1981 (a) (1) 707,717, 5 U.S.C. § 7702)

32. The foregoing paragraphs are realleged and incorporated by reference herein.

33. The Defendant's conduct as alleged at length herein constitutes a violation of due process, by means of fragmentation of the EEOC and MSPB cases and misrepresentation by means of obscuring the facts by exploitation of a pro se plaintiff.

## Count Five

### (Hostile and Abusive Working Environment)

Dated: 3/15/2017

34. The foregoing paragraphs are realleged and incorporated by reference herein.

35. The Defendant's conduct as alleged above constitutes hostile and abusive working environment in violation of Title VII, Rehab Act, and the ADEA. The stated reasons for the Defendant's conduct were not the true reasons, but instead were pretext to hide the Defendant's discriminatory animus.

## Count Six

(The Uniformed Services Reemployment Rights Act 38 U.S.C. Section 4323)

36. Plaintiff realleges and incorporates by reference each allegation contained in each aforementioned paragraph as thoughtfully set forth herein.

37. The Defendant's conduct as alleged above constitutes retaliation against the Plaintiff because he engaged in activities protected by USERRA. The stated reasons for the Defendant's conduct were not the true reasons, but instead were pretext to hide the Defendant's retaliatory animus. The VA failed to provide training to the plaintiff, including failure provide opportunities for other positions, Audiology Technician, hemodialysis technicians. The VA barred him from the VA and prevented him from obtaining future federal employment, including a loss of health insurance coverage.The VA flagged his veteran record on 6/6/2014 , when in fact, has not been at the VA since December 2013.

The flag was initiated by the deciding official, Robin Warren caucasian female on

Dated: 3/15/2017

basis that I was a threat and denied any opportunity to respond to the allegations or provide any reasonable accommodation, despite completing an Agency directed attendance of anger management. The Director, Robin Warren caucasian female received EEOC complaint 100864 that was accepted for investigation on or about April 15,2014, the plaintiff was terminated from employment on 4/25/2014.

### Prayer for Relief

WHEREFORE, the Plaintiff requests that the court award him:

A. The sum of $500,000.00 in compensatory damages suffered because of the discrimination and retaliation.

B. Enjoin the VA from the use of behavioral flags to be used as a tool to discredit veteran employees after making protected disclosures.

C. A referral to the appropriate agency for investigation of plaintiff's allegations.

D. A protective order, injunctive relief in the form of a restraining order against the agents of the VA who made false allegations against him, so that he could exercise his right to seek treatment without fear of retaliation from healthcare providers and false documentations in his medical record .

E. other damages and further relief as deemed just.

### JURY DEMAND

Dated: 3/15/2017

16

The Plaintiff requests trial by jury.

Respectfully Submitted,

_Terrance Peterson_

APRIL 3, 2017

Terrance Peterson
4023 Rosetree Ln
Newark, Delaware
(302) 454-1865

Dated: 3/15/2017

17

# UNITED STATES DISTRICT COURT DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

2017 APR -3 AM 9:18
FILED
CLERK, U.S. DISTRICT COURT
DISTRICT OF DELAWARE

I hereby certify that on , April 3,, 2017, I filed with the Clerk of Court , an Amended Civil complaint and objection to the dismissal of other claims, dated March 15, 2017 . I hereby certify that on April 3, 2017 I have mailed by United States Postal Service via certified mail, the Amended Civil complaint to the following parties as required by FRCP:

*/s/ [signature]*

APRIL 3, 2017

**David Shulkin VA Secretary**
810 Vermont Avenue NW.,
Washington, DC 20420
**Jeff Sessions US Attorney General**
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001
**David C. Weiss (Acting Attorney General)**
1007 Orange Street
Suite 700
Wilmington, DE 19801

Dated: 3/15/2017