IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

TERRANCE PETERSON,　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　Plaintiff,　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
v.　　　　　　　　　　　　　　　　　: Civ. No. 16-160-LPS
　　　　　　　　　　　　　　　　　　:
DAVD J. SHULKIN,　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　Defendant.　　　　　　　　　:

---

Terrance Peterson, Newark, Delaware, Pro Se Plaintiff.

David C. Weiss, United States Attorney, and Jennifer K. Welsh, Assistant United States Attorney, for the District of Delaware, Wilmington, Delaware. Counsel for Defendant.

**MEMORANDUM OPINION**

March 11, 2019
Wilmington, Delaware

STARK, U.S. District Judge:

I.   INTRODUCTION

Plaintiff Terrance Peterson ("Plaintiff") proceeds *pro se*. He filed this employment discrimination action against the Secretary of Veterans Affairs ("Defendant"), pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et. seq.*, ("Title VII"); the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 621, *et seq.*, ("Rehab Act"); and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* ("ADA"). (D.I. 2) The original Complaint was dismissed on March 17, 2017 and Plaintiff was given leave to amend. (D.I. 17, 18) On April 3, 2017, Plaintiff filed a combined Amended Complaint and objection/reconsideration of dismissal. (D.I. 19) Counts One, Two, Four, Five, and Six of the Amended Complaint were dismissed on March 14, 2018, and Plaintiff was given one final opportunity to amend to cure pleading defects. (D.I. 26) Plaintiff filed a Second Amended Complaint on March 15, 2018. (D.I. 27) Presently before the Court is Defendant's motion to dismiss and Plaintiff's opposition to the motion. (D.I. 30, 31) For the reasons that follow, the Court will grant the motion.

II.   BACKGROUND

The original Complaint contained numerous claims, including employment discrimination under Title VII by reason of race and sex. It also alleged employment discrimination by reason of disability under the ADA which, given Plaintiff's *pro se* status, the Court construed as a claim under the Rehab Act.[1] Plaintiff was given leave to amend the Title VII and Rehab Act claims. Plaintiff timely amended and, upon motion, all claims except Count Three were dismissed. Plaintiff was given one final opportunity to amend to cure the pleading defects in Count One (attempting to raise

---

[1] *See Spence v. Straw*, 54 F.3d 196, 197 (3d Cir. 1995) (Rehabilitation Act is "exclusive means by which a plaintiff may raise claims against federal agencies relating to handicap discrimination").

1

a race discrimination claim), Count Two (attempting to raise a Rehab Act claim), and Count Five (attempting to raise a hostile work environment claim).

The Second Amended Complaint contains three Counts: Count One, race discrimination under Title VII; Count Two, disability discrimination under the Rehab Act; and Count Three, hostile work environment under Title VII. (D.I. 27) It does not contain a prayer for relief.[2]

Count One, race discrimination, alleges that Plaintiff is a Black American male, who was qualified for his position at the VA and was terminated from his position for making protected disclosures that involved VA medical practices affecting patient safety. Plaintiff alleges: his supervisor instilled fear and created a hostile work environment with false allegations of threats; Plaintiff was barred from returning to work; the VA did not investigate Plaintiff's allegations of false threats; and it intimidated Plaintiff with a threat of prosecution that involved the U.S. Attorney's Office. (D.I. 27 at 2)

Count Two, disability discrimination, alleges that Plaintiff had a medical appointment with a clinical social worker on November 13, 2013 for an evaluation for post-traumatic stress disorder, depression, and anxiety, "created from a long period of a hostile work environment caused by repeated false accusations of threats." (D.I. 27 at 3) On November 15, 2013, a special agent spoke to the social worker regarding Plaintiff's mental status and created an impression that Plaintiff was mentally unstable. This had an impact on Plaintiff's employment. The VA Director barred Plaintiff

---

[2] The Second Amended Complaint does not contain a prayer for relief. Federal Rule of Civil Procedure 8(a)(2) and (3) require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" aw well as "a demand for the relief." *See e.g., Scibelli v. Lebanon Cty.*, 219 F. App'x 221, 222 (3d Cir. Mar. 7, 2007); *Liggon-Redding v. Souser*, 352 F. App'x 618, 619 (3d Cir. Nov. 17, 2009) (affirming dismissal without prejudice where complaint failed to identify relief sought); *see also, Klein v. Pike Cty. Comm'rs*, 2011 WL 6097734 (M.D. Pa. Dec. 6, 2011) (failure to articulate prayer for relief compels dismissal).

from the VA on December 13, 2013, stating that Plaintiff was a danger to himself and others. (*Id.* at 3) Plaintiff alleges the VA interfered with his treatment process, and he had to cancel all VA appointments because of privacy violations and unauthorized users (*i.e.*, law enforcement) on VA's systems of records.

Count Two also alleges that on June 6, 2014, a psychologist flagged Plaintiff's veteran record, which required Plaintiff to have a police escort. Plaintiff alleges this caused anxiety and undue stress that created medical problems. The Complaint alleges the psychologist's documentation is discriminatory and defaming. He also alleges the VA disseminated information to NCIS regarding firearm inquires, and the VA sent a firearm inquiry to Plaintiff's home address. Plaintiff alleges these intrusions violated his Second Amendment rights, which had nothing to do with his employment. (*Id.* at 3-4)

Count Three, hostile work environment, alleges that the VA and its agents, including the Office of the Inspector General, created an offensive and hostile environment when Plaintiff was accused of being threatening, and used his veteran's record and false statements to document assessments made by a psychologist, who stated that Plaintiff was unable to control his behavior and that he was a danger to himself and others. Plaintiff alleges a special agent relayed the untrue information to the U.S. Attorney's Office and there was a request to prosecute Plaintiff. He further alleges there was an invasion of privacy, as his veteran's record which has nothing to do with employment. Plaintiff alleges the VA and the U.S. Attorney's Office abused the Fourth Amendment to create this impression, and they used the judicial process to obfuscate criminal conduct (i.e., seizing his veteran's record to characterize Plaintiff in a discriminatory and abusive way), in violation

of 18 U.S.C. § 1519 and 42 U.S.C. § 1983.[3] Plaintiff adds that he has endured sham investigations that falsely accused him and that it is known throughout the VA that officials use the same tactics against other VA whistleblowers. Plaintiff alleges that one whistleblower, a white male, was treated similarly but was reinstated. Plaintiff alleges the VA Secretary publicly stated that he was in contact with all whistleblowers, but Plaintiff was never contacted.

Defendant moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that none of Plaintiff's stated claims is facially plausible. (D.I. 30)

## III. LEGAL STANDARDS

Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, \_\_U.S.\_\_,

---

[3] The Second Amended Complaint does not refer to State actors and, therefore, any § 1983 claim fails as a matter of law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law.

4

135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Iqbal*, 556 U.S. at 678 and *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Second Amended Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

## IV.  DISCUSSION

### A.  Count One: Title VII, Race Discrimination
### Count Three: Hostile Work Environment

To state a claim under Title VII for employment discrimination, Plaintiff must allege that: (1) he is a member of a protected class; (2) he was qualified for the position he held; (3) he suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances that give rise to an inference of discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Plaintiff need not convince the Court of any of these elements at the motion to dismiss stage, but must submit more than "the naked assertion that he was discharged because" of his membership in a protected class. *See Santos v. Iron Mountain Film & Sound*, 593 F. App'x 117, 119 (3d Cir. Nov. 25, 2014).

To state a hostile work environment claim, Plaintiff must show that: (1) he suffered intentional discrimination because of his race; (2) the discrimination was severe or pervasive; (3) the discrimination detrimentally affected him; (4) the discrimination would detrimentally affect a reasonable person in like circumstances; and (5) the existence of vicarious liability. *See Aman v. Cort Furniture Retail Corp.*, 85 F.3d 1074, 1081 (3d Cir. 1996). The first four elements establish a hostile work environment, and the fifth element determines employer liability. *See Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 167 (3d Cir. 2013).

The crux of a Title VII claim is that an employee has been treated less favorably than others on account of his race, color, religion, sex, or national origin. *See Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 798 (3d Cir. 2003). Plaintiff's original Complaint indicates his employment was terminated; and he checked boxes on the complaint form indicating that the discrimination was based upon race and sex. In the Second Amended Complaint, Plaintiff alleges race discrimination, states that he is a

Black male, and that he was terminated from his position, not because of his race, but because he made protected disclosures that involved VA medical practices that affected patient safety.

Even when liberally construing Plaintiff's allegations, as the Court must, the Second Amended Complaint fails to state a Title VII claim of race discrimination. At most, Plaintiff alleges that he is a member of a suspect class and he suffered an adverse employment decision, but the allegations do not suggest the termination was because of his race. Plaintiff fails to allege that any alleged discrimination occurred because of his race. Plaintiff must plead facts that plausibly connect his race to the adverse actions of which he is complaining. The Second Amended Complaint fails in this regard. Therefore, the Court will grant Defendant's motion to dismiss Count One.

The Court next considers the Count Three hostile work environment claim. The Court finds that Count Three does not state a hostile work environment claim. Notably, there are no allegations that Plaintiff suffered intentional discrimination because of his race. The alleged behavior described in Count Three does not suggest racial animus. The claim does not tie the allegedly "offensive and hostile environment" to Plaintiff's race in any way, nor does it allege that Plaintiff faced "severe or pervasive discrimination." The allegations speak to Plaintiff's mental state, not his race. Count Three merely alleges in a conclusory manner that Plaintiff was subjected to a hostile work environment, without specific allegations to support the claim. The motion to dismiss Count Three will be granted.

### B. Count Two: Rehab Act

In Count Two, Plaintiff appears to allege a disability by reason of depression and anxiety. Defendant moves to dismiss Count Two on the ground that it fails to allege the necessary elements of a disability discrimination claim under the Rehab Act.

In order to sustain a claim of discrimination under the Rehab Act, Plaintiff must show that:

(1) he has a disability; (2) he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) he was nonetheless terminated or otherwise prevented from performing the job. *See Donahue v. Consolidated Rail Corp.*, 224 F.3d 226, 229 (3d Cir. 2000). The Rehab Act provides that the "standards used to determine whether this section has been violated in a complaint alleging employment discrimination under this section shall be the standards applied under Title I of the Americans with Disabilities Act of 1990." 29 U.S.C. § 794(d); *see also Donahue*, 224 F.3d at 229 ("The elements of a claim under § 504(a) of the Rehabilitation Act are very similar to the elements of a claim under Title I of the Americans with Disabilities Act. . . .").

Count Two fails to state an employment discrimination claim by reason of disability. Plaintiff alleges a special agent called the U.S. Attorney and created an impression that Plaintiff was medically unstable, the agent accessed Plaintiff's medical record, and the U.S. Attorney apparently spoke to the VA regional counsel, all of which had an impact on Plaintiff's employment and gave the VA the impression that Plaintiff was medically unstable. While Plaintiff alleges depression and anxiety, he does not allege that that he was otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer and that he was nonetheless terminated or otherwise prevented from performing the job. As pled, Count Two fails to state a claim under the Rehab Act. Therefore, the Court will grant Defendant's motion to dismiss Count Two.

C.  **Amended Complaint**

The Second Amended Complaint will be dismissed. The Court has given Plaintiff several opportunities to correct the pleading deficiencies of the Title VII race and hostile work environment claims and the Rehabilitation Act claim, to no avail. *See Foman v. Davis*, 371 U.S. 178, 182 (1962)

(holding court may curtail or deny request for leave to amend where there is "repeated failure to cure deficiencies by amendments previously allowed" and there would be "futility of amendment."). The Court finds further amendment of these claims would be futile.

As already noted, on March 14, 2018, all claims in the Amended Complaint were dismissed other than Count Three (retaliation). Because the Second Amended Complaint will be dismissed, the Amended Complaint is once again the operative pleading. The matter proceeds on Count Three of the Amended Complaint. (D.I. 19)

## V. CONCLUSION

For the above reasons, the Court will grant Defendant's motion to dismiss (D.I. 30). The matter proceeds on Count Three of the Amended Complaint. (D.I. 19)

An appropriate Order will be entered.